IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP, INC., DISCOVER FINANCIAL SERVICES, ORBISCOM LTD., T-CHEK SYSTEMS, INC., AND WELLS FARGO & COMPANY,<br><br>Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Walker Digital, LLC ("Walker Digital") files this complaint for patent infringement against defendants Citigroup, Inc., Discover Financial Services, Orbiscom Ltd., T-Chek Systems, Inc., and Wells Fargo & Company (collectively, the "Defendants"):

**THE PARTIES**

1.  Walker Digital is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, CT 06905. Walker Digital is a world-renowned research and development laboratory responsible for launching several successful businesses, including Priceline.com and Synapse, Inc.

2.  On information and belief, Defendant Citigroup, Inc. ("Citibank") is a Delaware corporation with its principal place of business located at 399 Park Avenue, New York, New York, 10043.

3.  On information and belief, Defendant Discover Financial Services ("Discover") is a Delaware corporation with its principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

4. On information and belief, Defendant Orbiscom, Ltd. ("Orbiscom") is an Irish corporation with its principal place of business located at Block 1, Blackrock Business Park, Carysfort Avenue, Blackrock, Co. Dublin, Ireland.

5. On information and belief, Defendant T-Chek Systems, Inc. ("T-Chek") is a Minnesota corporation with its principal place of business located at 14800 Charlson Road, Eden Prairie, Minnesota 55344.

6. On information and belief, Defendant Wells Fargo & Company ("Wells Fargo") is a Delaware corporation with its principal place of business located at 420 Montgomery Street, San Francisco, California 94104.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendants are subject to this Court's jurisdiction because Defendants have transacted business in this district, including, more specifically, directly and/or through intermediaries, making, using, importing, offering for sale and/or selling products and services in the State of Delaware (including via the provision of such goods and services over the Internet). Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District. In addition, defendants Citibank, Discover, and Wells Fargo are corporations organized and existing under the laws of the State of Delaware.

9. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENTS

10. On December 19, 2000, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,163,771 (the "'771 patent"), entitled "Method And Device For Generating A Single-Use Financial Account Numbers," to Jay S. Walker, Bruce Schneier, Sanjay K. Jindal, and Daniel E. Tedesco, who assigned their rights and interests in the '771 patent to Walker Digital. A true and correct copy of the '771 patent is attached as Exhibit A.

11. On November 30, 2010, the USPTO duly and legally issued U.S. Patent No. 7,844,550 (the "'550 patent"), entitled "Method And Device For Generating A Single-Use Financial Account Numbers," to Jay S. Walker, Bruce Schneier, Sanjay K. Jindal, and Daniel E. Tedesco, who assigned their rights and interests in the '550 patent to Walker Digital. A true and correct copy of the '550 patent is attached as Exhibit B.

12. Walker Digital is the owner of the '771 and '550 patents (collectively, the "Asserted Patents").

## FACTUAL BACKGROUND

13. Walker Digital is a research and development laboratory that has invested many millions of dollars in its intellectual property. Walker Digital is comprised of a diverse group of inventors who solve business problems by analyzing human behavior and designing innovative solutions incorporating modern information technologies. The novel inventions developed by the Walker Digital team are reflected in a portfolio of more than 200 U.S. and international patents in a wide range of industries that includes retail, vending, credit cards, security, gaming, educational testing, and entertainment.

14. Jay S. Walker, the chairman of Walker Digital, is a named inventor of more than 450 issued and pending U.S. and international patents, including each of the Asserted Patents.

Mr. Walker is best known as the founder of Priceline.com, which revolutionized the travel industry through unprecedented technology, with the end result of bringing huge savings in airfare, hotel and car rental rates, and other travel related goods and services to every-day consumers. The systems at the heart of Priceline.com's success were developed in the research and development laboratory of Walker Digital.

15. Development of the inventions conceived by Mr. Walker and the Walker Digital team of inventors would not have been possible without substantial financial investments made by Walker Digital. Funds invested by Walker Digital have been used for many things, including the construction of laboratory facilities utilized to develop and test new inventions. Many of the inventions developed at the Walker Digital laboratories have led to successful businesses, including Priceline.com and Synapse, Inc. Revolutionary technologies, including the systems and methods for generating a single-use financial account number for facilitating financial account transactions, as described and claimed in the Asserted Patents, were a direct result of investments made by Walker Digital.

16. The Asserted Patents represent breakthroughs in the field of financial account transaction processing.

17. On or around May 27, 2008 and September 26, 2008, Walker Digital, through its representatives, met with persons associated with Wells Fargo about licensing Walker Digital's patents to permit Wells Fargo to lawfully use Walker Digital's revolutionary patented technology. Wells Fargo, however, rejected Walker Digital's invitation to discuss licensing the patented technology and have continued to use Walker Digital's technology without authorization to build their businesses.

## COUNT I

### (Infringement of the '771 Patent)

18. Walker Digital incorporates and realleges the allegations of paragraphs 1-17 as are fully set forth above.

19. Upon information and belief, Citibank is infringing (literally and/or under the doctrine of equivalents) the '771 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Virtual Account Numbers service, which practice one or more of the claims of the '771 patent. For instance, upon information and belief, Citibank's Virtual Account Numbers service generates substitute credit card numbers to take the place of customers' real account numbers. The service makes it virtually impossible for anyone to steal customers' actual account numbers while shopping online.

20. Upon information and belief, Discover is infringing (literally and/or under the doctrine of equivalents) the '771 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Secure Online Account Numbers service, which practice one or more of the claims of the '771 patent. For instance, upon information and belief, Discover's Secure Online Account Numbers service generates a secure number in place of its customers' actual Discover account numbers. The generated secure number provides added security by protecting customers' account numbers while shopping online.

21. Upon information and belief, Orbiscom is infringing (literally and/or under the doctrine of equivalents) the '771 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Controlled Payment Numbers service, which practice one or more

of the claims of the '771 patent. For instance, upon information and belief, Orbiscom's Controlled Payment Numbers service receives requests and generates controlled payment numbers for use in place of customers' actual card numbers. The controlled payment numbers are used to make "card-not-present purchases" without revealing customers' real card details and with no changes required at the merchant point-of-sale.

22. Upon information and belief, T-Chek is infringing (literally and/or under the doctrine of equivalents) the '771 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Virtual MasterCard Purchasing Program, which practice one or more of the claims of the '771 patent. For instance, upon information and belief, T-Chek's Virtual MasterCard Purchasing Program generates unique, temporary credit card numbers each time a customer wants to make an online purchase. The number links directly to customers' real account numbers, but keeps the account numbers completely private and protected.

23. Upon information and belief, Wells Fargo is infringing (literally and/or under the doctrine of equivalents) the '771 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Single-Use Account Number service, which practice one or more of the claims of the '771 patent. For instance, upon information and belief, Wells Fargo's Single-Use Account Number service generates single-use account numbers for payment of its customer's business to business transactions. The single-use account numbers provide a high degree of control and protection for financial transactions without sacrificing traditional efficiencies of commercial credit cards.

24. Defendants committed these acts of infringement without license or authorization.

25. Despite having actual notice of the '771 patent, Wells Fargo has continued to willfully, wantonly and deliberately infringe in disregard of Walker Digital's rights.

26. As a result of Defendants' infringement of the '771 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

27. Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '771 patent.

## COUNT II

### (Infringement of the '550 Patent)

28. Walker Digital incorporates and realleges the allegations of paragraphs 1-27 as are fully set forth above.

29. Upon information and belief, Citibank is infringing (literally and/or under the doctrine of equivalents) the '550 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Virtual Account Numbers service, which practice one or more of the claims of the '550 patent.

30. Upon information and belief, Discover is infringing (literally and/or under the doctrine of equivalents) the '550 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Secure Online Account Numbers service, which practice one or more of the claims of the '550 patent. .

31. Upon information and belief, Orbiscom is infringing (literally and/or under the doctrine of equivalents) the '550 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Controlled Payment Numbers service, which practice one or more of the claims of the '550 patent.

32. Upon information and belief, T-Chek is infringing (literally and/or under the doctrine of equivalents) the '550 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Virtual MasterCard Purchasing Program, which practice one or more of the claims of the '550 patent.

33. Upon information and belief, Wells Fargo is infringing (literally and/or under the doctrine of equivalents) the '550 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services, including at least its Single-Use Account Number service, which practice one or more of the claims of the '550 patent.

34. Defendants committed these acts of infringement without license or authorization.

35. Despite having actual notice of the '550 patent, Wells Fargo has continued to willfully, wantonly and deliberately infringe in disregard of Walker Digital's rights.

36. As a result of Defendants' infringement of the '550 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

37. Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents,

servants, employees, representatives, and all others acting in active concert therewith from infringing the '550 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a) A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of each of the Asserted Patents;

(b) A judgment that such infringement by Wells Fargo was willful;

(c) A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing each of the Asserted Patents;

(d) A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents;

(e) A judgment and order requiring Wells Fargo to pay Walker Digital enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' infringement;

(f) A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Walker Digital, including, without limitation, pre-judgment interest;

(g) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

- 10 -

    (h)    Any and all such other relief as the Court deems just and proper.

| | |
|---|---|
| April 11, 2011 | BAYARD, P.A. |
| Of Counsel: | /s/ *Stephen B. Brauerman (sb4952)* <br> Richard D. Kirk (rk0922) |
| Marc A. Fenster <br> RUSS, AUGUST & KABAT <br> 12424 Wilshire Boulevard 12th Floor <br> Los Angeles, California 90025 <br> mfenster@raklaw.com <br> (310) 826-7474 | Stephen B. Brauerman (sb4952) <br> 222 Delaware Avenue, Suite 900 <br> Wilmington, DE  19801 <br> (302) 655-5000 <br> rkirk@bayardlaw.com <br> sbrarueman@bayardlaw.com <br><br> *Attorneys for Plaintiff Walker Digital, LLC* |